UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.1:16-cv-346-TWP-DKL |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition, based on the following facts and circumstances:

1. The present action for habeas corpus relief brought by Petitioner Menes Ankh El represents his challenge to his conviction in No. 49G04-1208-FC-59353. The present action was filed based on a post-judgment filing in No. 1:12-cv-1688-TWP-TAB, which was also Petitioner's challenge to his conviction in No. 49G04-1208-FC-59353.

2. The prior habeas action (No. 1:12-cv-1688-TWP-TAB) was dismissed without prejudice on December 3, 2014 because Ankh El was no longer a pretrial detainee at the time of the final decision and because he had failed to fully exhaust his available state court remedies before filing the action.

3. Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues."); *McKinley v. Butler*, 809 F.3d 908, 909 (7th Cir. 2016)("This requirement of exhaustion is designed on the one hand to marshal the assistance of the state courts in enforcing federal constitutional law and on the other hand to diminish the burden on the federal courts of post-conviction proceedings by state prisoners . . . .").

    4.    Public records show that (1) Ankh El's direct appeal was docketed in the Indiana Court of Appeals as No. 49A02-1311-CR-01019 and was dismissed as not having been timely filed, and (2) Ankh El's appeal from the denial of his petition for post-conviction relief has been docketed in the Indiana Court of Appeals as No. 49A05-1507-PC-00929 and remains pending.

    5.    Indiana's post-conviction remedy is a meaningful remedy within the meaning of the federal habeas statute. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). The fact that Ankh El's appeal in No. 49A05-1507-PC-00929 from the denial of post-conviction relief is pending shows that the present habeas filing was premature.

    6.    The instant action must therefore be **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

## II.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller–El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner whose claims have been rejected on a procedural

basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Ankh-El has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date:  5/20/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MENES ANKH EL
233632
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135